IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES MOSLEY, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 25-CV-4995 |
| : | |
| BENJAMIN D. KOHLER, ESQ., *et al.*, : | |
|     Defendants. : | |

MEMORANDUM

**PEREZ, J.**                                                                                              **SEPTEMBER 17, 2025**

Plaintiff James Mosley has filed a civil rights action against Benjamin D. Kohler, Esq., the Prothonotary of the Pennsylvania Superior Court, and Superior Court Judges Kunselman, King, and Ford Elliott.[1] Mosley also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Mosley leave to proceed *in forma pauperis* and dismiss the Complaint.

**I.     FACTUAL ALLEGATIONS**[2]

Mosley received a decision entered by Prothonotary Kohler in an appeal presided over by Judges Kunselman, King, and Ford Elliott. (Compl. at 3, 7.) Mosley had appealed the entry of summary judgment in a civil case arising from a slip and fall incident at a Starbucks café inside

---

[1] In opening this case, the Clerk of Court incorrectly listed Kohler and "Prothonotary" as separate Defendants. As it appears clear from the Complaint that Kohler is the Prothonotary, the separate listing of "Prothonotary" will be deleted.

[2] Mosley's Complaint consists of the Court's form complaint available for use by unrepresented litigants and attached Exhibits. (ECF No. 2.) The Court deems the entire submission to constitute the Complaint and adopts the pagination supplied by the CM/ECF docketing system.

Ten Penn Center in Philadelphia.³ (*Id.*) He claims the Defendants "acted out of their judicial capacity individually by suppression of briefs which is not in accord to due process, equal protection of the law." (*Id.* at 3.) Mosley thereby suffered emotional stress and seeks money damages. (*Id.* at 4.) The attached decision of the Pennsylvania Superior Court in *Mosley v. Ten Penn Center*, No. 3372 EDA 2024, filed on August 21, 2025, indicates that Mosley's appeal of the entry of summary judgment in his case was dismissed on the ground that he failed to file an appellate brief that complied with the Pennsylvania Rules of Appellate Procedure. (Compl. at 7-10.)

## II.   STANDARD OF REVIEW

The Court grants Mosley leave to proceed *in forma pauperis* since he appears unable to pay the filing fee. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the Complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12

---

³ Mosley also brought lawsuits against Ten Penn Center and Starbucks in this Court. *See Mosley v. Ten Penn Ctr.*, No. 23-813 (E.D. Pa.); *Mosley v. Starbuck Corp.*, No. 23-4000 (E.D. Pa.). The federal law claims in both suits were dismissed with prejudice and the state law claims were dismissed without prejudice for lack of subject matter jurisdiction.

F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* complaint liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  "This means we remain flexible, especially 'when dealing with imprisoned pro se litigants[.]'"  *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).  However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'"  *Id.* (quoting *Mala*, 704 F.3d at 245).  An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants."  *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

### III.  DISCUSSION

Mosley's civil rights claims against the Prothonotary and the Judges are not plausible.  Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*).  An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge."  *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).  Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient

3

jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), or are taken as a result of a conspiracy with others. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). While Mosley appears to argue otherwise, the Superior Court Judges who dismissed his appeal acted in their judicial capacities in a case over which they had jurisdiction to act. They are, accordingly, absolutely immune from Mosley's civil rights claims.

Courts have also held that prothonotaries enjoy quasi-judicial immunity when performing duties required by statute or at the direction of judicial authority because their "judgments are 'functional[ly] comparab[le]' to those of judges – that is, because they, too, 'exercise a discretionary judgment' as a part of their function." *Malcomb v. Beaver Cnty. Penn. (Prothonotary)*, 616 F. App'x 44, 45 (3d Cir. 2015) (*per curiam*) (quoting *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993) (citations omitted in original)); *see also Lucarelli v. Norton*, No. 06-53, 2006 WL 709319, at *7 (M.D. Pa. Mar. 17, 2006); *Pokrandt v. Shields*, 773 F. Supp. 758, 765 (E.D. Pa. 1991) (noting that courts have held that clerks of court are entitled to immunity the same as judges); *DeFerro v. Coco*, 719 F. Supp. 379, 381 (E.D. Pa. 1989) (holding that absolute immunity extends to court clerk because he was a "nonjudicial official[] whose activities are integrally related to the judicial process and involve the exercise of discretion comparable to that of a judge"); *Mercedes v. Barrett*, 453 F.2d 391, 392 (3d Cir. 1971); *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969) ("In addition to the recognized immunity enjoyed by judicial and quasijudicial officers, including prothonotaries, there exists an equally well-

grounded principle that any public official acting pursuant to court directive is also immune from suit.") As Mosley does not allege that Prothonotary Kohler acted beyond his discretion, outside the scope of his duties, or contrary to his direction as a judicial officer when he entered the Judges' order dismissing the appeal, he is entitled to immunity. *Accord Malcomb*, 616 F. App'x at 45.

For these reasons, the Complaint will be dismissed. Because attempt at amendment would be futile, the dismissal will be with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that complaints dismissed under the Prison Litigation Reform Act should be with leave to amend "unless amendment would be inequitable or futile"). An order of dismissal will be entered separately. *See* Federal Rule of Civil Procedure 58(a).

BY THE COURT:

_____
**MIA ROBERTS PEREZ, J.**